## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| REVOLUTION MONITORING, LLC § | | Case No. 18-33730-hdh |
| § | | |
| REVOLUTION MONITORING § | | Case No. 18-33731-hdh |
| MANAGEMENT, LLC § | | |
| § | | |
| REVOLUTION NEUROMONITORING § | | Case No. 18-33732-hdh |
| LLC § | | |
| § | | (Jointly Administered) |
| Debtors. § | | |
| § | | |
| MEDARC, LLC, as Collection Agent for § | | |
| Jeffrey H. Mims, Trustee of the Liquidating § | | |
| Trust of Revolution Monitoring, LLC, § | | |
| Revolution Monitoring Management, LLC, § | | |
| and Revolution Neuromonitoring, LLC. § | | Adversary No. 20-03153-hdh |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | |
| § | | |
| CARE IMPROVEMENT PLUS GROUP § | | |
| MANAGEMENT, LLC and DOES 1-10, § | | |
| § | | |
| *Defendants*. | | |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
### ORIGINAL COMPLAINT AND BRIEF IN SUPPORT

Defendant Care Improvement Plus Group Management, LLC ("Defendant"), pursuant to FED. R. CIV. P. 12(b)(1) and (6), files this motion to dismiss ("Motion") Plaintiff's Original Complaint ("Complaint") [Doc. 1], and states:

## I. INTRODUCTION

Plaintiff MedARC, LLC ("MedARC"), as Collection Agent for Jeffrey H. Mims, Trustee of the Liquidating Trust of Revolution Monitoring, LLC, Revolution Monitoring Management, LLC and Revolution Neuromonitoring, LLC (collectively, "Revolution"), filed this adversary proceeding, alleging that Revolution was not paid or was underpaid by Defendant on eleven health benefit claims submitted under unspecified health benefit plans and insurance policies. [Compl. ¶¶ 1, 3.][1] The Complaint alleges that, prior to bankruptcy, Revolution was a medical provider that offered intraoperative neurophysiological monitoring for surgeries involving a patient's nervous system. [Compl. ¶¶ 4, 15]. Revolution was an "out-of-network" provider that submitted claims for benefits to Defendant under alleged assignments of benefits received from their patients. [*See* Compl. ¶¶ 31, 33.]

The Complaint acknowledges that a majority of the underlying plans and policies at issue are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). [Compl. ¶ 22.] In five causes of action, MedARC asserts claims for (1) recovery of ERISA benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3), (2) breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(2), 29 U.S.C. §

---

[1] MedARC has filed similar proceedings against various other health insurers, administrators, and payors as well. *See, e.g.*, *MedARC, LLC v. Care Improvement Plus Group Management, LLC, et al.*, Adversary No. 20-03153 (N.D. Tex. Bankr.); *MedARC, LLC v. WellMed Medical Management, Inc.*, Adversary No. 20-03150-hdh (N.D. Tex. Bankr.); *MedARC LLC v. UnitedHealth Group Incorporated, et al*; Adversary No. 20-03114-hdh (N.D. Tex. Bankr.); *MedARC LLC v. The Hartford Financial Services Group, Inc., et al.*, C.A. No. 20-03164-hdh (N.D. Tex. Bankr.).

1104, 29 U.S.C. § 1109, (3) breach of contract, (4) promissory estoppel, and (5) quantum meruit. [Compl. ¶¶ 72-127.][2]

## II. GROUNDS FOR DISMISSAL

MedARC's claims for breach of fiduciary duty and quantum meruit should be dismissed for the following reasons:

A. MedARC lacks standing to assert any claims for breach of fiduciary duty.

B. Any claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2) fails as a matter of law because MedARC seeks damages for unpaid plan benefits and not any injury to the plan itself.

C. Any claim for breach of fiduciary duty under either 29 U.S.C. § 1132(a)(2) or (a)(3) fails as a matter of law because it is duplicative of MedARC's claim for benefits under 29 U.S.C. § 1132(a)(1)(B).

D. The Complaint fails to state a claim for quantum meruit because the benefits of Revolution's services were provided to plan members or insureds, not Defendant, and Defendant's obligations with respect to payment for those services are governed by express, written contracts.

E. MedARC's quantum meruit claim is preempted with respect to the benefit plans at issue that are governed by ERISA.

## III. ARGUMENT AND AUTHORITIES

**A.  LEGAL STANDARD UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

Standing is a threshold jurisdictional question, which must be addressed prior to and independent of the merits of a party's claims. *See generally Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). "In essence the question of standing is whether the

---

[2] MedARC also seeks to recover attorneys' fees and costs under ERISA. [Compl. ¶¶ 128-33.]

litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Rule 12(b)(1) challenges to subject matter jurisdiction come in two forms: "facial" attacks and "factual" attacks. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In evaluating a facial attack, "the court looks only at the sufficiency of the allegations in the pleading and assumes them to be true." *Martin v. Hyundai Translead, Inc.*, No. 3:20-CV-2147-K, 2020 WL 6701806, at *2 (N.D. Tex. Nov. 13, 2020) (internal quotation marks omitted). In evaluating a factual attack, "the court may consider (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

In reviewing a Rule 12(b)(6) motion to dismiss, the court must determine "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 548 (5th Cir. 2005) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)); *see also Hilliard v. Bd. of Pardons &* Paroles, 759 F.2d 1190, 1191 (5th Cir. 1985). Although a court must accept the factual allegations in the pleadings as true, to state a valid claim for relief, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Cornish*, 402 F.3d at 551. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, Rule 8(a)(2) requires that "the well-pleaded facts" must "permit the court to infer more than the mere possibility of

misconduct[.]" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

**B. MEDARC'S EQUITABLE AND FIDUCIARY DUTY CLAIMS UNDER ERISA MUST BE DISMISSED.**

In addition to its Section 1132(a)(1)(B) claim for benefits, which is based on Defendant's purported wrongful denial or underpayment of the claims for benefits submitted by Revolution, MedARC also asserts a claim for "disgorgement of the profits or fees Defendants have earned by denying and/or delaying payment of [Revolution's] claims" under 29 U.S.C. § 1132(a)(3) and for breach of fiduciary duty under 29 U.S.C. §§ 1132(a)(2), 1104, and 1109. [Compl. ¶¶ 86-104.] These claims fail for at least three independent reasons, and must be dismissed under Rules 12(b)(1) and 12(b)(6).

**1. MedARC lacks standing.**

First, MedARC lacks standing to sue for breach of fiduciary duty under Sections 1132(a)(2), 1104, and 1109 as asserted in Count II of the Complaint. MedARC purports to be an agent of the liquidating trustee for Revolution. [Compl. ¶ 3.] However, a health care provider such as Revolution does not have independent standing to bring a claim under ERISA, and can only acquire derivative standing through an assignment from a plan beneficiary.[3] *Paragon Office Servs., LLC v. UnitedHealth Grp., Inc.*, No. 3:11-CV-

---

[3] Some of the plans and policies administered or insured by Defendant contain anti-assignment provisions. MedARC has not provided the Defendant with any list of claims at issue; therefore, it is unknown at this point if any of the underlying plans or policies contain anti-assignment provisions, or if administrative remedies were exhausted prior to initiation of this suit.

2205-D, 2012 WL 1019953, at *5 (N.D. Tex. Mar. 27, 2012). Here, MedARC seeks to assert the right to sue for breach of fiduciary duty under ERISA based on alleged assignments of benefits forms provided to Revolution by plan members for whom they provided services. Specifically, MedARC alleges that Revolution's patients signed forms that provided, in relevant part, as follows:

> Signature below also consents to request Revolution Monitoring, LLC to submit all invoices associated with the professional services performed during my surgery to my designated insurer or health benefits plan, on my behalf. ***I consent to and request that my insurance company reimburse Revolution Monitoring, LLC directly for any invoices submitted on my behalf for professional services rendered by the above named company*** . . .
>
> I authorize ***Revolution Monitoring, LLC and/or its attorneys to file any necessary claims, demands, or appeals with my insurer or health benefits plan from a denial of reimbursement or coverage*** for IntraOperative Neurophysiologic Monitoring services provided on my behalf. ***I also assign Revolution Monitoring, LLC my rights to bring legal action, if needed, against my insurer or health benefits plan to recover the costs of or enforce my rights to coverage*** of IntraOperative Neurophysiologic Monitoring services under my insurance or health benefits plan under applicable law, including without limitation under the Employee Retirement Income Security Act of 1974.

[Compl. at 9 n. 3 (emphasis added).]

The above-quoted language is insufficient to convey standing to Revolution (or, in turn, MedARC) to assert any non-benefits claims that might be available under ERISA. *Tex. Gen. Hosp., LP v. United HealthCare Servs., Inc.,* No. 3:15-CV-2096-M, 2016 WL 3541828, at *9 (N.D. Tex. June 28, 2016). Rather, to assert non-benefits claims, a provider must demonstrate that it also obtained an "express and knowing assignment" of

6

such claims. *See id.* at * 8. Where an assignment "does not reference any ERISA breach of fiduciary duty claims or other non-benefits ERISA claims," it does not convey standing for a provider to pursue such claims. *Id.*[4] *See also Grand Parkway Surgery Ctr., LLC v. Health Care Serv. Corp.*, No. 15-0297, 2015 WL 3756492, at *3 (S.D. Tex. June 16, 2015) ("Assignments that do not refer specifically to fiduciary duty or other non-benefits ERISA claims do not assign non-benefits claims to the plaintiff."). The alleged assignments relied on by MedARC speak only in terms of the patients' rights to "coverage" and "reimbursement" for services provided by Revolution. They do not refer to breach of fiduciary duty or other non-benefits claims under ERISA. MedARC therefore lacks standing to assert any breach of fiduciary duty claims.

      **2.    Sections 1132(a)(2) and 1109 provide a remedy only for injury to a plan.**

MedARC cannot state a fiduciary duty claim under ERISA Sections 1132(a)(2) and 1109 in any event. Except in very limited circumstances that are not present here, Section 1132(a)(2) "does ***not*** provide a remedy for individual injuries distinct from plan injuries." *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 256 (2008) (emphasis added).[5] In addition, "[t]he Supreme Court, noting ERISA's primary concern with the

---

[4] An unequivocal express and knowing assignment of breach of fiduciary duty claims is required because such claims "affect all plan participants," can "waste plan resources," and they are "not assigned by implication or operation of law. *Tex. Gen. Hosp. LP*, 2016 WL 3541828, at *9 (quoting *Tex. Life, Accident, Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entm't Co.*, 105 F.3d 210, 218 (5th Cir. 1997) and citing *Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Tex., Inc.*, 16 F. Supp. 3d 767, 774 (S.D. Tex. 2014)).

[5] The exception to this rule allows a participant to sue for "fiduciary duty breaches that impair the value of plan assets in a participant's individual account." *Id.*

possible misuse or poor management of plan assets, has stated that the 'loss to the plan' language in § 1109 limits claims to those that inure to the benefit of the plan as a whole and not to the benefit only of individual plan beneficiaries." *Matassarin v. Lynch*, 174 F.3d 549, 566 (5th Cir. 1999).[6] The allegations of the Complaint are focused solely on the alleged injury to Revolution from Defendant's failure to pay, or to fully pay, claims for health benefits submitted by Revolution. That alleged harm does not constitute an injury to the plans themselves, which is the only proper subject of a claim under ERISA §§ 1132(a)(2) and 1109.

### 3. MedARC's claim for equitable disgorgement of profits under Section 1132(a)(3) is not viable.

In Count I of the Complaint, MedARC asserts a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), as well as a claim for "disgorgement of the profits or fees Defendant has earned by denying and/or delaying payment of Plaintiff's claims" under 29 U.S.C. § 1132(a)(3), which is likewise based solely on Defendant's purported wrongful denial or underpayment of the claims for benefits submitted by Revolution. [Compl. ¶ 86.] A participant, beneficiary, or fiduciary can bring a civil action under Section 1132(a)(3) of ERISA "(A) to enjoin any act or practice which violates any provision of this subchapter

---

[6] Further, liability under Section 1109 is limited to plan fiduciaries. 29 U.S.C. § 1109(a) ("Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from such breach . . . ."). To determine whether Defendant was a plan fiduciary and therefore subject to liability under Section 1109 requires an evaluation of the relevant plan documents, which MedARC has not identified or described in the Complaint, and may provide an additional basis for dismissal of MedARC's Section 1109 claim.

8

or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1129(a)(3). "An action only falls under § 502(a)(3) if the plan or plan fiduciary seeks restitution in equity in the form of a constructive trust or equitable lien." *Cigna Healthcare of Tex., Inc. v. VCare Health Servs., PLLC,* No. 3:20-CV-0077-D, 2020 WL 6321919, at *2 (N.D. Tex. Oct. 28, 2020).

"The relationship between claims seeking relief under section 1132(a)(1) and section 1132(a)(3) is clear: 'if a plaintiff can pursue benefits under the plan pursuant to [§ 1132(a)(1)], there is an adequate remedy under the plan which bars a further remedy under [§ 1132(a)(3)].'" *Gilmour v. Blue Cross & Blue Shield of Alabama*, No. 4:19-CV-160, 2020 WL 2813197, at *16 (E.D. Tex. May 29, 2020) (quoting *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 733 (5th Cir. 2018)); *see also Hollingshead v. Aetna Health, Inc.,* 589 F. App'x 732, 737 (5th Cir. 2014) (("[T]he simple fact that [plaintiff] cannot prevail on his claim under section 1132(a)(1) does not make his alternative claim under section 1132(a)(3) viable."); *McCall v. Burlington Northern/Santa Fe Co.,* 237 F.3d 506, 512 (5th Cir. 2000); *Tolson v. Avondale Indus.,* 141 F.3d 604, 610 (5th Cir. 1998); *Brown v. Aetna Life Ins. Co.*, 975 F. Supp. 2d 610, 622-23 (W.D. Tex. 2013) (holding breach of fiduciary claim is barred whether it is asserted under subsection (a)(2) or (a)(3)); *see generally Variety Corp. v. Howe*, 516 U.S. 489, 512 (1996) (Section 1132(a)(3) is a "catchall" provision that "acts as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132(a)] does not elsewhere adequately remedy").

9

MedARC "can pursue monetary relief for benefits under section 1132(a)(1), thereby providing an adequate remedy and barring further relief under section 1132(a)(3)." *Id.; see also Byerly v. Standard Ins. Co.*, No. 4:18-CV-00592, 2020 WL 1451543, at *23 (E.D. Tex. Mar. 25, 2020) (plaintiff who had viable claim under § 1132(a)(1)(B) could not pursue claim for disgorgement of profits under § 1132(a)(3)). As a result, MedARC's claim for "disgorgement of the profits or fees" under 29 U.S.C. § 1132(a)(3) must be dismissed.

C. **THE COMPLAINT FAILS TO STATE A CLAIM FOR QUANTUM MERUIT UNDER TEXAS LAW.**

In Count V of the Complaint, MedARC attempts to assert a claim for recovery in quantum meruit. "To recover in quantum meruit, the plaintiff must prove (1) that valuable services were rendered or materials were furnished, (2) for the person sought to be charged, (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him, (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff, in performing such services, was expecting to be paid by the person sought to be charged." *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). MedARC's effort to mount a quantum meruit claim is unavailing for at least two reasons.

First, MedARC does not plausibly allege, because it cannot, that Revolution rendered medical services for the benefit of Defendant, as opposed to the patients they treated. *See Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 966 (E.D. Tex. 2011) ("Even if [the insurer] received some benefit as a result of [a provider]

providing medical services to its insureds, a proposition the court finds dubious, [the provider's] services were rendered to and for its patients, not [the insurer].") (footnote omitted); *see also MC1 Healthcare, Inc. v. UnitedHealth Grp., Inc.,* No. 3:17-CV-01909, 2019 WL 2015949, at *10 (D. Conn. May 7, 2019), on reconsideration in part, 2019 WL 3202965 (D. Conn. July 16, 2019) (collecting cases and noting "courts have repeatedly held that providers cannot bring unjust enrichment claims against insurance companies based on the services rendered to insureds"). For this reason alone, the quantum meruit claim fails as a matter of law.

MedARC's quantum meruit claim is also doomed by the existence of the written plans and insurance policies that are the wellspring of whatever right to payment it may have with respect to the benefit claims Revolution submitted to Defendant. It is well established that no claim for quantum meruit will lie when there is an express contract covering the subject matter. *Pepi Corp.*, 254 S.W.3d at 462. This rule is applicable here, even though Defendant's contracts are with their insureds, customers, and/or plan members, not Revolution. *Id.*; *see also Christus Health v. Quality Infusion Care, Inc.*, 359 S.W.3d 719, 724 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quantum meruit claim brought against a health plan by an out-of-network provider was barred as a matter of law by the express contract rule); *Econ. Forms Corp. v. Williams Bros. Constr. Co.*, 754 S.W.2d 451, 458-59 (Tex. App.—Houston [14th Dist.] 1988, no writ) (general contractor was not liable to third party in quantum meruit for materials supplied to general contractor by subcontractor pursuant to an express contract). The terms of the plans and policies define what reimbursement Defendant agreed to provide to members

11

and insureds when they obtain services from medical providers such as Revolution. Moreover, Revolution's right to receive *any* payment from Defendant is dependent on its status as assignees of the rights of those plan members and insureds. MedARC's quantum meruit claim should therefore be dismissed for this reason as well.

D.  **MEDARC'S QUANTUM MERUIT CLAIM IS PREEMPTED BY ERISA.**

MedARC specifically alleges that the majority of the health plans at issue are governed by ERISA. [Compl. ¶ 22.] To the extent the Complaint attempts to assert a state-law claim for quantum meruit with respect to benefit claims submitted under those plans, therefore, that cause of action is preempted by ERISA and should be dismissed.[7]

1. **MedARC's quantum meruit claim is completely preempted.**

ERISA is a comprehensive statutory scheme that governs the regulation and enforcement of rights under employee benefit plans. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). As such, a state law claim, however characterized or pleaded, that "duplicates, supplements, or supplants" the civil enforcement remedies available under ERISA conflicts with Congress' intent to make the ERISA remedy exclusive and is preempted. *Id*. at 209. Indeed, ERISA's "civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded

---

[7] The Complaint is unclear as to whether MedARC's quantum meruit claim is asserted with respect to the ERISA plans. It first states that the section entitled "State Law Claims" alleges causes of action with respect to the non-ERISA plans. [Comp. ¶ 46.] However, Count IV, which is a state law claim for promissory estoppel, specifically alleges it is brought as to both ERISA and non-ERISA claims. [Compl. ¶ 118.] The allegations of Count VI (quantum meruit) make no specific reference to the distinction between ERISA and non-ERISA plans.

complaint rule.'" *Id*. (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)).

MedARC's quantum meruit claim seeks to recover benefits for services rendered to members of ERISA plans that would supplement or supplant the remedies provided under ERISA, and such claim is therefore completely preempted. *Davila*, 542 U.S. at 209. Specifically, ERISA completely preempts a plaintiff's cause of action if the plaintiff could have brought the claim under ERISA's enforcement provisions, and there is no other independent legal duty implicated by the defendant's actions. *Id*. at 210; *see also Houston Home Dialysis, LP v. Blue Cross and Blue Shield of Tex.*, No. H-17-2095, 2018 WL 2562692, at *8 (S.D. Tex. June 4, 2018) (breach of implied contract claim related to ERISA plan and did not create an independent legal duty and was therefore preempted); *Paragon Office Servs., LLC v. UnitedHealth Grp., Inc*., No. 3:11-CV-2205-D, 2012 WL 1019953, at *5-6 (N.D. Tex. Mar. 27, 2012) (state law claims for breach of implied contract and quantum meruit could have been brought under ERISA and were preempted); *Spring E.R., LLC v. Aetna Life Ins. Co.*, No. H-09-2001, 2010 WL 598748, at *5-6 (S.D. Tex. Feb. 17, 2010) (same).

### 2. MEDARC'S QUANTUM MERUIT CLAIM IS PREEMPTED UNDER 29 U.S.C. § 1144(A).

In addition to the complete preemption doctrine, MedARC's quantum meruit claim is also subject to dismissal based on the defense of "ordinary" or "conflict" preemption. In this regard, ERISA contains an expansive express preemption provision that states: "[e]xcept as provided in subsection (b) of this section, the provisions of this

subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ….." 29 U.S.C. § 1144(a). *See generally Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). MedARC's quantum meruit claim is undoubtedly related to the ERISA plans and therefore meets the criteria for preemption under ERISA § 514. *See, e.g., Dedeaux*, 481 U.S. at 47-48; *Access Mediquip, L.L.C. v. United HealthCare Ins. Co.* 662 F.3d 376, 386 (5th Cir. 2011) (unjust enrichment and quantum meruit claims are preempted by ERISA § 514); *Emergency Health Centre at Willowbrook, L.L.C. v. UnitedHealthcare of Tex., Inc.*, 892 F. Supp.2d 847, 860 (S.D. Tex. 2012) (dismissing provider's quantum meruit claim based on ERISA § 514 preemption). Accordingly, it should be dismissed with respect to the ERISA plans at issue for this reason as well.

## IV. CONCLUSION

For all of these reasons, Defendant respectfully requests that the Court dismiss MedARC's under 29 U.S.C. §§ 1132(a)(2)-(3), 1104, and 1109, and its state-law quantum meruit claim with prejudice.

Dated: November 23, 2020

Respectfully submitted,

By: /s/ *Andrew G. Jubinsky*
Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Don Colleluori
Texas Bar No. 04581950
don.colleluori@figdav.com
Amber D. Reece
Texas Bar No. 24079892
amber.reece@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
T: (214) 939-2000
F: (214) 939-2090

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that, on November 23, 2020, a true and correct copy of the foregoing document was served electronically via the Court's Electronic Case Filing (ECF) system on all parties registered to receive electronic service in this matter, including counsel for Plaintiff.

/s/ *Andrew G. Jubinsky*
Andrew G. Jubinsky